**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4390**

───────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

ERIC DAVIS, a/k/a Lil E,

　　　　　Defendant – Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Columbia.　Joseph F. Anderson, Jr., Chief
District Judge.　(3:07-cr-00672-JFA-1)

───────────

Submitted:　July 24, 2009　　　　Decided:　August 12, 2009

───────────

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Michael Chesser, Aiken, South Carolina, for Appellant.　Jane
Barrett Taylor, Assistant United States Attorney, Columbia,
South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Davis appeals his conviction and sentence to 97 months in prison after pleading guilty to possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006). Davis's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether Davis's within-guideline sentence of 97 months is reasonable. Davis has filed a pro se supplemental brief raising the issue of whether his attorney should have objected to the drug quantity used to determine his base offense level. We affirm.

We review a sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 591 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. We may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

In sentencing, the district court should first calculate the guideline range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider the factors under 18 U.S.C. § 3553(a) (2006) to determine whether they support the sentence requested by either party. Id. When rendering a sentence, the district court must make an individualized assessment based on the facts presented, applying the relevant § 3553(a) factors to the specific circumstances of the case before it. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quotations and citations omitted). In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 127 S. Ct. 2456, 2468 (2007).

We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Davis, and his sentence is both procedurally and substantively reasonable. Moreover, the record does not conclusively show ineffective assistance of counsel. First, the district court properly determined Davis's guideline range was 97 to 121 months in prison. In the plea agreement and hearing conducted pursuant

to Fed. R. Crim. P. 11, Davis agreed he was responsible for between 150 and 500 grams of cocaine base for purposes of determining his base offense level. Consistent with the parties' stipulation, the probation officer determined Davis was responsible for 194.54 grams of cocaine base, and his base offense level was thirty-two under U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2007). Neither party objected to this determination, as there was no basis for an objection.

At sentencing, Davis objected to the disparity between the guidelines for cocaine and for cocaine base, and he argued a sentence below his guideline range was appropriate based on his personal characteristics. After listening to Davis's argument, the district court inquired as to what made his case different in terms of a variance from another defendant similarly situated "using 3553(a) factors." Davis responded that he had a minimal criminal history; his employment and family relationship at that time showed he had a capacity to adapt to supervision; and his upbringing was disadvantaged.

In response, the Government acknowledged that Davis's employer confirmed he was a good worker, and did not object to a sentence at the low end of his guideline range. However, the Government contended that Davis's upbringing was not unique, and considering the specific facts of the case, there was nothing that set Davis apart from other defendants who were similarly

4

situated. Moreover, the Government argued it had already taken into account the facts and circumstances in the case when it gave Davis a plea deal dismissing a charge that would have carried a ten-year mandatory minimum term.

The district court gave Davis credit for an impressive argument, but explained the court was not quite persuaded that a variance was appropriate in this case. After considering the advisory sentencing guidelines and relevant § 3553(a) factors, the district court determined a minimum guideline sentence, not a variance, was appropriate because Davis had already "been given a break in how the plea was worked out." We conclude that the district court considered the parties' arguments and made an individualized assessment based on the facts presented and the relevant § 3553(a) factors. The district court's explanation was adequate, and Davis's sentence is not greater than necessary to comply with the purposes of § 3553(a).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

5

withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>